**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2009

Charles R. Fulbruge III
Clerk

No. 07-51257
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHRISTY ANITA RODRIGUEZ, also known as Christina Anita Rodriguez

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:07-CR-89-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Christy Anita Rodriguez appeals from her conviction, following a jury trial, of one count of aiding and abetting possession with intent to distribute marijuana. Rodriguez argues that her conviction was improper because the indictment was not signed by the grand jury foreperson in accordance with FED R. CRIM. P. 6(c). However, the sealed indictment bears the foreperson's signature. The issue is without merit.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rodriguez also contends that her conviction was not supported by sufficient evidence, a challenge which she preserved by moving for a judgment of acquittal at trial pursuant to FED. R. CRIM. P. 29(a). In reviewing a sufficiency claim, this court must "view the evidence in the light most favorable to the jury verdict and . . . affirm if a rational trier of fact could have found that the government proved all essential elements of the crime beyond a reasonable doubt." *See United States v. Lankford*, 196 F.3d 563, 575 (5th Cir. 1999) (internal quotation marks and citation omitted). The jury is the final arbiter of the credibility of witnesses, "and, unless testimony is incredible as a matter of law, [this court] will not disturb the jury's findings." *Id.* at 575-76.

The elements of possession of marijuana with intent to distribute are that "the defendant (1) knowingly; (2) possessed marijuana; (3) with the intent to distribute." *United States v. Garcia*, 242 F.3d 593, 596 (5th Cir. 2001). The elements of aiding and abetting under 18 U.S.C. § 2 are that (1) the individual associated with the criminal venture, (2) purposefully participated in the crime, and (3) sought by her actions for it to succeed. *Id.* "To aid and abet simply means to assist the perpetrator of a crime while sharing the requisite criminal intent." *United States v. Jaramillo*, 42 F.3d 920, 923 (5th Cir. 1995).

Rodriguez stipulated that she was arrested driving a vehicle containing 121.56 kilograms of marijuana. Border Patrol Agent Javier Alvidrez testified that Rodriguez admitted, *inter alia*, that she had gone to Mexico because her stepfather, Joel Ortega, had presented an opportunity to smuggle drugs. Ortega testified that he and Rodriguez went to Mexico to transport marijuana and that Rodriguez knew that she was transporting marijuana. Rodriguez has not shown either Ortega's or Alvidrez's testimony to be incredible as a matter of law. *See Lankford*, 196 F.3d at 575. The evidence, viewed in the light most favorable to the jury's verdict, was sufficient to support Rodriguez's conviction. *See id.*; *Garcia*, 242 F.3d at 596; *Jaramillo*, 42 F.3d at 923.

AFFIRMED.